## BECKER v STATE

Ohio Appeals, 6th Dist, Lucas Co
No 2438. Decided Nov 10, 1930

Cornell Schreiber, Toledo, for Becker.
Clarence A. Irwin, Toledo, for State.

### LLOYD, J.

**Sec 13437-3, GC.,** reads:
"Two or more offenses in one indictment. An indictment or information may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts, and if two or more indictments or informations are filed in such cases the court may order them to be consolidated. The prosecution is not required to elect between the different offenses or counts set forth in the indictment or information, but the defendant may be convicted of any number of the offenses charged, and each offense upon which the defendant is convicted must

be stated in the verdict, provided, that the court in the interest of justice and for good cause shown, may in its discretion, order that the different offenses or counts set forth in the indictment or information be tried separately, or divided into two or more groups and each of said groups tried separately. A verdict of acquittal of one or more counts shall not be deemed or held to be an acquittal of any other count."

Plaintiff in error claims that by virtue of **12372 GC,** two different classes of crimes are charged by those indictments, two felonies and two misdemeanors, and that

"it was manifestly not the intention of the legislature in permitting joinder of offenses of the same class, to permit a joinder of indictments, some charging felonies and some charging misdemeanors, unless they were actually one and the same transaction."

**Sec 12372 GC,** differentiates between felonies and misdemeanors only as to the punishment to be inflicted, and in our opinion the distinction so made does not make the alleged acts different crimes or offenses within the meaning of **Sec 13437-3.**

The offenses charged in the four indictments being of the same class, the trial court was empowered, in his discretion, to consolidate them. Finding no abuse of discretion in his doing so, the judgment of the court of common pleas is affirmed.

Williams and Richards, JJ, concur.